Larry D. JAMES, Plaintiff—Appellant,

v.

ADAMS COUNTY, IDAHO, a political subdivision of the State of Idaho; Richard Green; Jeff Brown; Patricia Wolfe; Myron D. Gabbert; James C. Peart, Defendants—Appellees.

No. 06–35296.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed March 17, 2008.

Vernon k. Smith, Boise, ID, for Plaintiff-Appellant.

Jeremy Chou, Roger Lee Gabel, Office of the Idaho Attorney General, James J. Davis, Boise, ID, for Defendants-Appellees

Before: CANBY, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM *

Larry James was arrested by a deputy sheriff of Adams County, Idaho, for entering the driveway of his estranged wife's residence in violation of a protection order. He brought this action against the County, several law enforcement personnel, and a magistrate, alleging various state law claims and claims under 42 U.S.C. §§ 1983 and 1985 arising out of the arrest. The district court granted summary judgment for the defendants. On appeal, James argues that the district court erred in holding that the arresting officer, Deputy Brown, had probable cause to arrest James. He also challenges the district court's ruling that Judge James Peart and Myron Gabbert enjoyed immunity from suit as a magistrate and prosecutor, respectively. We have jurisdiction pursuant to 28 U.S.C. § 1291.

### A. Probable Cause

We review de novo a probable cause determination in a false arrest case. *See Picray v. Sealock,* 138 F.3d 767, 770–71 (9th Cir.1998). " 'Probable cause exists when there is a fair probability or substantial chance of criminal activity.' " *United States v. Soriano,* 361 F.3d 494, 505 (9th Cir.2004) (quoting *United States v. Bishop,*

264 F.3d 919, 924 (9th Cir.2001)). "It is well-settled that 'the determination of probable cause is based upon the totality of the circumstances known to the officers at the time of the search.' " *Id.* (quoting *Bishop,* 264 F.3d at 924).

■ Deputy Brown had probable cause to arrest James. Deputy Brown contacted the dispatcher to ascertain the terms of the protection order, and his interpretation of the order was reasonable under the circumstances. The officer took the very steps mandated by our decision in *Beier v. City of Lewiston,* 354 F.3d 1058, 1071–72 (9th Cir.2004) (officer who has not reviewed a Protection Order and who arrests on the basis of a mistaken understanding of the order lacks probable cause and forfeits immunity). In *Beier,* the officers relied on the statements of the parties at the scene to determine the contents of the protection order. *Id.* at 1070–71. The court held that a reasonable officer would have contacted a dispatcher or other authorized person to verify the order's contents. *Id.* Deputy Brown did just that.

James argues that Deputy Brown's mistaken interpretation of the word "driveway" in the protection order forfeited his immunity. We reject this contention. It is true that a mistake of law cannot create probable cause, or even reasonable suspicion. *Id.* at 1065. However, Deputy Brown's mistaken interpretation of the order was primarily a determination of fact rather than law; he failed to identify the particular driveway specified in this particular protection order. *Cf. Maryland v. Garrison,* 480 U.S. 79, 80, 88, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987) (no violation of Fourth Amendment when officers searched two apartments in the mistaken belief that they were a single dwelling

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

place described in the warrant as "the premises known as 2036 Park Avenue third floor apartment").

There is no merit to James's contention that his conduct was clearly permitted under the emergency exception articulated in the protection order. That exception is manifestly limited to communications between James and his wife made necessary by an emergency. We therefore conclude that Deputy Brown had probable cause to arrest James for violating the order.

## B. Judicial Immunity

■ We review de novo whether judicial immunity protects a judge from suit. *See Harvey v. Waldron*, 210 F.3d 1008, 1011 (9th Cir.2000). Unless a judge acts in clear absence of all jurisdiction, he is absolutely immune from liability as long as he acts in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356–57, 359–60, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). We conclude that Judge Peart was immune from suit because he acted in his judicial capacity when he advised the dispatcher that a violation of the protection order had occurred. Judge Peart presided over the issuance of the order, and its interpretation was a judicial function. *See id.* at 361–62, 98 S.Ct. 1099. The rendering of such advice may have been irregular, but this court has held that even a "grave procedural error" does not destroy judicial immunity. *See Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir.1986) (en banc) (conspiracy between judge and prosecutor to decide outcome of case). Therefore, the district court did not err by granting summary judgment on this ground.

Judge Peart also asks the court to award him attorney fees in this appeal pursuant to 42 U.S.C. § 1988 and Federal Rule of Appellate Procedure 38. We find that the appeal was not frivolous, and therefore we deny this request.

## C. Prosecutorial Immunity

■ Finally, James contends that Prosecuting Attorney Gabbert improperly influenced the arrest and prosecution of James. We need not decide whether, as a matter of law, Gabbert was immune from suit because the record contains no evidence from which a reasonable juror could infer that Gabbert had anything to do with the arrest or the decision to arrest. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). On this basis, summary judgment was proper as to defendant Gabbert.

The judgment of the district court is therefore AFFIRMED.